```
                              United States Bankruptcy Court
                             Middle District of Pennsylvania
In re:                                                                                  Case No. 19-03514-HWV
Bertram Joseph Elliott
Charlotte Jean Elliott                                                                  Chapter 13
         Debtors
                                         CERTIFICATE OF NOTICE
District/off: 0314-1           User: REshelman              Page 1 of 2              Date Rcvd: Sep 30, 2019
                               Form ID: pdf002              Total Noticed: 46


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 02, 2019.
db/jdb        +Bertram Joseph Elliott,    Charlotte Jean Elliott,    3784 Baltimore Pike,
                Hanover, PA 17331-9695
5236359        Bank of America,    P.O. Box 31785,    Tampa, FL 33631-3785
5236360       +BarclayCard,    P.O. Box 8803,    Wilmington, DE 19899-8803
5236361       +Barclays Bank Delaware,    100 South West Street,    Wilmington, DE 19801-5015
5236362       +Bob's Discount Furniture,    PO Box 14517,    Des Moines, IA 50306-3517
5236365        Crown Asset Management, LLC,    c/o Pressler, Felt & Warshaw LLP,    7 Entin Road,
                Parsippany, NJ 07054-5020
5236367        Fifth Third,    1797 NE Espressway,    Atlanta, GA 30329
5236368        Fingerhut,    P.O. Box 70281,    Philadelphia, PA 19176-0281
5236369       +Justice Jeffrey A. Sneeringer,    20 Wayne Avenue,    Suite 2,    Hanover, PA 17331-3340
5236371       +Law Offices of Shawn A. Goldfaden,    29 West Susquehanna Avenue,    Suite 707,
                Towson, MD 21204-5216
5243640        Law Offices of Shawn A. Goldfaden, LLC,    215 Washington Avenue Ste 707,   Towson, MD 21204
5236373       +Midland  Funding LLC,    320 East Big Beaver,    Troy, MI 48083-1271
5245113       +Navient Solutions, LLC obo ECMC,    PO BOX 16408,    St Paul, MN 55116-0408
5237775        Nissan Motor Acceptance,    POB 660366,    Dallas, TX 75266-0366
5236375        Nissan Motor Acceptance Corporation,    P.O. Box 742658,    Cincinnati, OH 45274-2658
5236376        Pressler, Felt & Warshaw LLP,    c/o Ian Z. Winograd, Esquire,    7 Entin Road,
                Parsippany, NJ 07054-5020
5236377        Santander Consumer USA,    P.O. Box 105255,    Atlanta, GA 30348-5255
5236378        Santander Consumer USA,    P.O. Box 660633,    Dallas, TX 75266-0633
5243327       +Santander Consumer USA Inc,    P.O. Box 560284,    Dallas, TX 75356-0284
5236379       +Shawn A. Goldfaden, Esquire,    29 West Susquehanna Avenue,    Suite 707,    Towson, MD 21204-5216
5236387       +Travel Resorts of America,    1930 North Poplar Street,    Southern Pines, NC 28387-7092
5244568        Wells Fargo Bank, N.A.,    Default Document Processing,    MAC# N9286-01Y,
                1000 Blue Gentian Road,    Eagan, MN, 55121-7700
5236388        Wells Fargo Home Mortgage,    P.O. Box 14411,    Des Moines, IA 50306-3411

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 30 2019 19:42:46
                PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5236358        E-mail/Text: bankruptcygroup@apgfcu.com Sep 30 2019 19:39:52     APGFCU,    P.O. Box 1176,
                Aberdeen, MD 21001-6176
5236356        E-mail/Text: bankruptcygroup@apgfcu.com Sep 30 2019 19:39:53     Aberdeen Proving Ground,
                P.O. Box 1176,    Aberdeen, MD 21001-6176
5236357        E-mail/Text: ally@ebn.phinsolutions.com Sep 30 2019 19:39:24     Ally,
                Payment Processing Center,    Louisville, KY 40290-1951
5236363        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 30 2019 19:43:06     Capital One,
                P.O. Box 30281,    Salt Lake City, UT 84130-0281
5239113        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 30 2019 19:42:44
                Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                Charlotte, NC  28272-1083
5236364       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 30 2019 19:40:49     Comenity,
                P.O. Box 182120,    Columbus, OH 43218-2120
5242708        E-mail/Text: bankruptcy@sccompanies.com Sep 30 2019 19:41:37     Country Door,
                1112 7th Avenue,    Monroe, WI 53566-1364
5236366        E-mail/Text: mrdiscen@discover.com Sep 30 2019 19:39:52     Discover Bank,    P.O. Box 15316,
                Wilmington, DE 19850-5316
5237520        E-mail/Text: mrdiscen@discover.com Sep 30 2019 19:39:52     Discover Bank,
                Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
5236370       +E-mail/Text: bncnotices@becket-lee.com Sep 30 2019 19:40:35     Kohl's Payment Center,
                P.O. Box 3115,    Milwaukee, WI 53201-3115
5236372       +E-mail/PDF: resurgentbknotifications@resurgent.com Sep 30 2019 19:43:14     LVNV Funding LLC,
                c/o Resurgent Capital Services LP,    P.O. Box 1269,    Greenville, SC 29602-1269
5238430        E-mail/PDF: resurgentbknotifications@resurgent.com Sep 30 2019 19:42:51     LVNV Funding, LLC,
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5236374       +E-mail/PDF: pa_dc_claims@navient.com Sep 30 2019 19:42:48     Navient,    P.O. Box 9655,
                Wilkes Barre, PA 18773-9655
5236381       +E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:42:42     SYNCB/Belk,    PO Box 530940,
                Atlanta, GA 30353-0940
5236382       +E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:42:42     SYNCB/Home Design,
                P.O. Box 965036,    Orlando, FL 32896-5036
5236383       +E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:43:03     SYNCB/Lowes,    P.O. Box 965005,
                Orlando, FL 32896-5005
5236384       +E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:43:03     SYNCB/Sam's Club,    PO Box 965005,
                Orlando, FL 32896-5005
5245913       +E-mail/Text: bankruptcy@sccompanies.com Sep 30 2019 19:39:18     Stoneberry,
                c/o Creditors Bankruptcy Service,    P.O. Box 800849,    Dallas, TX 75380-0849
5236380        E-mail/Text: bankruptcy@sccompanies.com Sep 30 2019 19:39:18     Stoneberry,    P.O. Box 2820,
                Monroe, WI 53566-8020
5236385        E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:43:03     Synchrony Bank,    P.O. Box 960061,
                Orlando, FL 32896-0061
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
5236676        +E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:43:03      Synchrony Bank,
                c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5236386         E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:42:56      Synchrony Networks,
                PO Box 965036,   Orlando, FL 32896-5036
                                                                                         TOTAL: 23
```

```
        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                     TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 02, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 30, 2019 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James   Warmbrodt    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
               AS TRUSTEE Et Al... bkgroup@kmllawgroup.com
              Thomas   Song    on behalf of Creditor    Wells Fargo Bank, N.A. pamb@fedphe.com
              Thomas E. Miller    on behalf of Debtor 2 Charlotte Jean Elliott staff@tommillerlawoffice.com
              Thomas E. Miller    on behalf of Debtor 1 Bertram Joseph Elliott staff@tommillerlawoffice.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                          TOTAL: 6
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: BERTRAM JOSEPH ELLIOTT : CHAPTER 13
and CHARLOTTE JEAN ELLIOTT, :
       Husband and Wife, : CASE NO. 1:19-bk-03514-HWV
          Debtors :
                       : ___ ORIGINAL PLAN
                       : 1st AMENDED PLAN
                       : ___ Number of Motions to Avoid Liens
                       : ___ Number of Motions to Value Collateral

**FIRST AMENDED CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | X Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | X Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. **Plan Payments From Future Income**

    1. To date, Debtor has paid $0.00. Debtor shall pay to the Trustee for the term of the Plan (60 months) the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $30,000.00, plus other payments and property stated in §1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 9/2019 | 8/2024 | $500.00 | $0.00 | $500.00 | $30,000.00 |
    | | | | | | |
    | | | | | | |
    | | | | | Total Payments: | $30,000.00 |

    2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: (   ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        (X) Debtor is over median income. Debtor estimates that a minimum of $5,769.41 must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines:*

_X_  No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

\_\_\_\_  Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20\_\_\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS**

A. **Pre-Confirmation Distributions.** *Check one.*

_X_  None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

\_\_\_  Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

\_\_\_ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

\_X\_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ally Bank | 2016 Dodge Ram 2500 | 6222 |
| Nissan Motor Acceptance Corporation | 2019 Nissan Rogue | 0001 |
| Wells Fargo Home Mortgage | 3784 Baltimore Pike Hanover, PA 17331 | 7045 |

4

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Nissan Motor Acceptance Corporation | 2019 Nissan Rogue | $311.70 | $0.00 | $311.70 |
|  |  |  |  |  |
|  |  |  |  |  |

**D.** **Other secured claims (conduit payments and claims for a § 506 valuation is not applicable, etc.)**

_X_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured by claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their

5

liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

  **F.** **Surrender of Collateral.** *Check one.*

__ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

_X_ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Bank of America (Ending 0375) | 2126 Pine Valley Drive, Timonium, MD 21093 |
| Bank of America (Ending 5035) | 2126 Pine Valley Drive, Timonium, MD 21093 |
| Santander Consumer USA | 2017 Kia Optima |
| Travel Resorts of America | Timeshare |

  **G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

_X_ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

7

| Name of Lien Holder | | |
|---|---|---|
| Lien Description - For a judicial lien, include court and docket number. | | |
| Description of the liened property | | |
| Liened Asset Value | | |
| Sum of Senior Liens | | |
| Exemption Claimed | | |
| Amount of Lien | | |
| Amount Avoided | | |

**3.  PRIORITY CLAIMS.**

  **A.  Administrative Claims**

  1.  <u>Trustee fees</u>.   Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

  2.  <u>Attorney's fees</u>.  Complete only one of the following options:

   a.  In addition to the retainer of $1,690.00 already paid by the Debtor, the amount of $2,310.00 in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2 (c); or

   b.  $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between Debtor and the attorney.  Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

  3.  <u>Other</u>.  Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.  *Check one of the following two lines*.

  _X_  None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

  ___  The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations**

___ Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

9

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND EXPIRED LEASES.** *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   _X_ plan confirmation.
   ___ entry of discharge.
   ___ closing of case.

10

7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:
   Level 1:
   Level 2:
   Level 3:
   Level 4:
   Level 5:
   Level 6:
   Level 7:
   Level 8:

   *If the above levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

   | Level 1: | Adequate protection payments. |
   | Level 2: | Debtor's attorney's fees. |
   | Level 3: | Domestic Support Obligations. |
   | Level 4: | Priority claims, pro rata. |
   | Level 5: | Secured claims, pro rata. |
   | Level 6: | Specially classified unsecured claims. |
   | Level 7: | Timely filed general unsecured claims. |
   | Level 8: | Untimely filed unsecured claims to which the Debtor has not objected. |

9. **NONSTANDARD PLAN PROVISIONS**
   **Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

   A. Debtors' original Plan was incomplete and mistakenly filed by Debtors' counsel and his staff.

11

B. On Friday, August 23, 2019, Debtor Charlotte Jean Elliott's job was terminated. At this time, she expects to receive unemployment compensation. Debtors' Schedule I will be amended as events warrant.

Dated: September 3, 2019         s/ Thomas E. Miller, Esquire
                                 Attorney for Debtor

Dated: September 3, 2019         s/Bertram Joseph Elliott
                                 Debtor

Dated: September 3, 2019         s/Charlotte Jean Elliott
                                 Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies this plan contains no nonstandard provisions other than those set out in § 9.

12